LORI GELLER-WARSHAW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Geller-Warshaw v. Commissioner
Docket No. 15010-91
United States Tax Court
T.C. Memo 1992-400; 1992 Tax Ct. Memo LEXIS 422; 64 T.C.M. (CCH) 163; July 15, 1992, Filed *422 An appropriate order denying petitioner's motion for more definite statements will be issued. For Petitioner: Karen Dippold. For Respondent: Carmen M. Baerga. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 183. [1]
This matter is before the Court on petitioners's Motion for More Definite Statements, filed December 6, 1991, and respondent's Notice of Objection, filed December 26, 1991. Respondent determined deficiencies in petitioner's 1987 and 1988 Federal income taxes as follows: Year
Deficiency
Sec. 6653(b)
1987
$ 244,312
1988
187,885
$ 89,453
Additions to Tax
Year
Sec. 6653(b)(1)(A)
Sec. 6653(b)(1)(B)
Sec. 6661(a)
1987
$ 141,866
[1]
$ 60,578
1988
46,971
*423 Respondent computed the deficiencies based upon the determination that petitioner failed to report constructive dividends from corporations known as Career Counseling Enterprises, Ltd. (Career) and Blairs Consulting Services, Ltd. (Blairs) in the amounts of $ 633,464.95 in 1987 and $ 651,281.12 in 1988. For 1987, respondent also reduced petitioner's claimed medical and dental expense deduction by $ 1,924, included in income a refund of State income taxes in the amount of $ 655, and disallowed a deduction for contributions in the amount of $ 860. For the 1988 tax year, respondent also disallowed a deduction for contributions in the amount of $ 4,490. Petitioner resided in Boca Raton, Florida, at the time the petition was filed. Petitioner and her husband Stan Warshaw filed joint Federal income tax returns for the years at issue. Respondent contends in paragraph 7 of the answer that petitioner was the 100 percent shareholder of Career during the years in issue, and that as to Blairs she was the sole shareholder for the fiscal year ended February 29, 1988, and she and her associate were the sole shareholders and equal owners for the fiscal year ended February 28, 1989. Respondent *424 also contends in paragraph 7 that Blairs and Career were brothels. Respondent contends that petitioner and her associate conducted a large scale prostitution business which provided petitioner and her associate with large amounts of moneys through Career and Blairs, and that these moneys were not reported on the returns of Career or Blairs, or on the personal returns of petitioner and her associate. Respondent states that during the years at issue, the gross receipts of Career were in the form of credit card payments and that all such gross receipts were paid out as dividends to petitioner who subsequently recorded them on the books and records and tax returns of Blairs. Further, respondent alleges that Blairs' gross receipts were predominantly received in cash, that petitioner and her associate skimmed substantial amounts of cash from Blairs which amounts represented either constructive dividends from the corporations or other income, and that petitioner and Blairs fraudulently, and with the intent to evade tax, omitted income from their respective tax returns. In paragraph 7 of the answer, respondent specifies the amounts of Blairs' gross receipts and the amounts of unreported *425 income for the years in issue and also the amounts of cash which petitioner skimmed from her brothels and failed to report. Rule 51(a) provides that a party may move for a more definite statement before interposing a responsive pleading: "If a pleading to which a responsive pleading is permitted or required is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, * * *." Petitioner complains about paragraph 7 of respondent's answer, arguing that it fails to comply with Rule 36 concerning the form and content of the answer. Petitioner contends that throughout paragraph 7 of the answer, respondent pleaded conclusions instead of facts and did not attempt to disclose or explain how the amount of unreported income was determined. Petitioner contends that respondent refers to an "associate" but never identifies the "associate" by name and that respondent refers to "large amounts of moneys" but does not give any details as to how the amounts were calculated or determined. Respondent's allegations in paragraph 7 of her answer are neither vague nor ambiguous. In considering and denying a similar request for a more definite statement in , *426 this Court set forth the "basic standard" to be used in determining whether a pleading should be made more definite: This standard is expressed in Rule 31(a) which provides that the "purpose of the pleadings is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions." Paragraph 7 of respondent's answer to which petitioner's motion is directed clearly satisfies the "basic standard" set forth in Rule 31(a). Paragraph 7 in its entirety gives "fair notice of the matter in controversy" and respondent's position with respect to fraud. See Rule 36(b) sets out the required form and content of an answer. It provides that the "answer shall contain a clear and concise statement of every ground, together with the facts in support thereof on which the Commissioner relies and has the burden of proof." The "ground" upon which respondent relies and as to which respondent bears the burden of proof is the addition to tax for fraud. Respondent's statement of the ground is clear and the facts in support thereof are set forth sufficiently for petitioner to frame her responsive *427 reply. A motion under Rule 51(a) is not the proper procedure to be utilized to obtain the information sought by petitioner. . See also , explicitly stating that a motion for a more definite statement under Rule 51(a) "is not to be used merely to obtain a statement of the Commissioner's grounds or the facts or theories upon which he relies." Petitioner will have an opportunity to request the information she seeks from respondent under the discovery rules of this Court. However, we express no opinion here as to what extent, if any, she would be entitled to obtain discovery of such information. An appropriate order denying petitioner's motion for more definite statements will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax years in issue, except as otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the portion of the deficiency attributable to fraud.↩